**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

KENDAL SPARKS,                                  :
                                                :
                                                :       Case No. 25-cv-07785(PAE)
                    Plaintiff,                   :
                                                :       **STIPULATION AND**
          - against -                           :       **PROTECTIVE ORDER**
                                                :
                                                :
CRUISE LLC and GENERAL MOTORS                   :
COMPANY,                                         :
                                                :
                    Defendant.                   :
-------------------------------------------------------------- x

Plaintiff Kendal Sparks and Defendants Cruise LLC and General Motors Company

(individually "Party" and together "Parties"), having agreed to the following terms of

confidentiality (this "Protective Order"), and the Court having found that good cause exists for

issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this

action, it is therefore hereby:

**ORDERED** that any person subject to this Protective Order—including without limitation

the Parties to this action, their representatives, agents, experts, consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Protective Order—shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Protective Order who receives from any other person

any "Discovery Material" (i.e., information of any kind provided in discovery in this action)

that is designated as "Confidential" pursuant to the terms of this Protective Order shall not

disclose such Confidential Discovery Material to anyone else except as expressly permitted

hereunder.

2.      The person producing any given Discovery Material may designate as

1

Confidential only such portion of such material that it reasonably and in good faith believes consists of:

a.      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b.      previously nondisclosed material relating to ownership or control of any non-public company;

c.      previously nondisclosed business plans, product development information, or marketing plans;

d.      personal identifying information and protected health information, such as Social Security numbers, home addresses, telephone numbers, dates of birth, financial account numbers, and medical records and testimony; or

e.      any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential Information redacted. With respect to deposition transcripts and exhibits, a producing Party or that Party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. Confidential Information obtained through HIPAA authorizations is automatically treated as Confidential, regardless of whether it has been formally stamped and designated as such.

5. If at any time prior to the trial of this action, a producing Party realizes that some portion(s) of Discovery Material that that Party previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the Parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g.      the Court and its support personnel, the jury at trial, or as exhibits to motions.

7.      in the event any Party intends to file any documents marked "Confidential" with the Court, it shall first meet and confer with the producing Party regarding redactions and/or seeking to file under seal. Should the Parties not agree as to what redactions or sealing application should be made with respect to any documents marked "Confidential," then the Party seeking to file the documents may not do so until the producing Party has the opportunity to move to seal the documents and the Court issues an Order on such motion.

8.      Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 2C of this Court's Individual Practices in Civil Cases.

9.      All Parties are hereby placed on notice that the Court is unlikely to afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an Order and/or decision by the Court.

10.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.     If, in connection with this litigation, a Party inadvertently discloses information

4

subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by Order of the Court. The receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.     As with any information redacted or withheld, the receiving Party may seek an Order from the Court compelling production of the Inadvertently Disclosed Information. The receiving Party should follow the procedures in the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15.     The disclosing Party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Protective Order shall limit the right of any Party to request an in camera review of the Inadvertently Disclosed Information.

16.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of

the producing person, destroyed.

17.    The receiving Party shall not upload, input, or otherwise provide any documents, data, or information produced in this litigation to any publicly available generative artificial intelligence tool or platform (including, but not limited to, ChatGPT, Bard, Claude, or similar services) unless those tools or platforms can be configured so that the producing Party's information will not train on, learn from, or otherwise incorporate the producing Party's data into its underlying models. Any use of generative artificial intelligence for litigation support must be limited to secure, private tools that do not use the producing Party's information to retrain or improve their systems.

18.    This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: February 12, 2026
            New York, New York

GODDARD LAW PLLC


By: /s/ Hailey Miller
        Megan Goddard
        Hailey Miller
39 Broadway, Suite 1540
New York, New York 10006
megan@goddardlawnyc.com
hailey@goddardlawnyc.com

*Attorneys for Plaintiff*

Dated: February 12, 2026
            New York, New York

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Aaron Warshaw
        Aaron Warshaw
        Maggie Delany
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
aaron.warshaw@ogletree.com
maggie.delany@ogletree.com

*Attorneys for Defendants*

SO ORDERED.

*Paul A. Engelmy*

PAUL A. ENGELMAYER, U.S.D.J.

Date: February 13, 2026